UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BOSTON JERMAINE TOMPKINS,**<br>Plaintiff,<br>v.<br>**UNKNOWN SOPOCY, et al.,**<br>Defendants. | **2:26-CV-12799-TBG-APP**<br>HON. TERRENCE G. BERG<br>**ORDER CONSOLIDATING CASES** |

In this case, Plaintiff Boston Jermaine Tompkins has filed a prisoner civil rights case under 42 U.S.C. § 1983, which is a "companion case" to a previously filed case, Case No. 25-13103. Tompkins is currently a state prisoner at the Oaks Correctional Facility. ECF No. 1-3, PageID.3. The two cases involve prison conditions at the St. Louis Correctional Facility when Plaintiff was a prisoner there.

In the earlier-filed case, Case No. 25-13103, Tompkins sued two MDOC defendants from the St. Louis Facility: Corrections Officer Michael Scobeck and Inspector Michael Cerny. Case No. 25-13103, ECF No. 1. Briefly stated, Plaintiff claims that Scobeck publicly revealed that Plaintiff was homosexual on July 14, 2025, which resulted in him being assaulted by members of a prison gang on August 2, 2025. *Id.* at PageID.6–8. Plaintiff also asserts that Cerny ignored a Prison Rape Elimination Act (PREA) complaint he filed regarding Scobeck and

therefore failed to protect him from the assault. *Id.* at PageID.9

In this case, Case No. 26-12799, Plaintiff again names Cerny as a defendant. ECF No. 1, PageID.1. He also adds four additional St. Louis facility defendants: Sergeant Unknown Sopocy, Librarian Unknown Bugbee, Corrections Officer Unknown Jollie, and Corrections Officer Unknown Buck. *Id.* at PageID.2. The Complaint centers around the same basic events. Plaintiff asserts that on July 18, 2025, Defendants Sopocy, Bugbee, Jollie, and Buck also outed him as homosexual, and this resulted in or contributed to the assault by the prison gang members. *Id.* at PageID.3–4. He also makes the same allegations against Cerny as he does in Case No. 25-13103, who is the only overlapping defendant in the two cases. *Id.* at PageID.4.

It does not appear that Plaintiff necessarily intended to file this matter as a separate civil action, though he filed it in the Western District of Michigan. The Complaint in this case states, "This is a supplemental pleading to complaint Case No. 2:25-cv-1303-TGB-APP." ECF No. 1, PageID.1.

Federal Rule of Civil Procedure 42(a) provides as follows:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend

to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

It is within the discretion of the district court to determine whether cases involving the same factual and legal questions should be consolidated. *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). In the instant case, it appears to the Court that Plaintiff intended to pursue a single action and that his second Complaint sought to add additional defendants and/or claims to his first action by way of a "Supplemental Pleading." The Court will therefore consolidate the two cases pursuant to Federal Rule of Civil Procedure 42(a).

**IT IS THEREFORE ORDERED** that Case Nos. 26-12799 and 25-13103 are hereby **CONSOLIDATED**. The Clerk of the Court shall docket a copy of this order in both cases.

**IT IS FURTHER ORDERED** that the Clerk shall docket all of the documents filed in Case No. 26-12799 in Case No. 25-13103. The Complaint filed in Case No. 26-12799 shall be docketed as a "Supplemental Pleading." Defendants must file any appropriate motion or pleading in response to Plaintiff's Supplemental Pleading within 14 days of the date of this Order. All future documents shall be filed under Case No. 25-13103.

**IT IS FURTHER ORDERED** that Case No. 26-12799 is **DISMISSED WITHOUT PREJUDICE**. That case is now **CLOSED**.

**SO ORDERED.**

Dated: November 2, 2026

s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE